IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | | CRIM. NO. 07-00365 |
| | : | |
| CHARLENE SCHMITZ | : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

COMES NOW the United States of America, by and through its attorney Deborah J. Rhodes, United States Attorney for the Southern District of Alabama and hereby requests that the Court deny the defendant's Motion to Suppress and as grounds therefore states the following:

The defendant has filed a motion asking this Court to suppress any evidence seized pursuant to a search warrant executed at her residence on June 22, 2007. She contends that the search warrant, issued by a local magistrate, fails to meet all the requirements of a valid search warrant. However, the defendant's analysis of the law as applied to this warrant is flawed. Further, even if, in hindsight, the warrant is not valid, the search was nevertheless lawful because it was conducted by officers acting in good faith.

**PROBABLE CAUSE**:

Defendant contends that evidence seized pursuant to a search warrant of her residence should be suppressed because the warrant was not supported by probable cause. As determined by the State District Court Judge, the affidavit in support of the warrant, read with common sense, established

probable cause and the officers were entitled to rely upon that determination. [1]

Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location. *United States v. Gonzalez*, 940 F.2d 1413, 1419 (11th Cir. 1991). The affidavit supporting a warrant must be read as a whole and in a sensible and pragmatic manner. *United States v. Reed*, 700 F.2d 638, 641 (11th Cir. 1983).

Defendant's argument that the affidavit fails to supply probable cause because the affiant, Deputy Singleton, relied on information provided by Deputy Sullivan, is meritless. The information provided by one law enforcement officer in the course of his investigatory responsibilities and relayed to another law enforcement officer is presumed to be reliable. ". . . [I]nformation gathered by government officials in the course of their duties and later relayed to law enforcement officers is no more likely to be based on rumor and speculation or tainted by personal involvement with the perpetrators than are the statements of eyewitnesses." *United States v. Flynn,* 664 F.2d 1296 (11th Cir. 1982).

Similarly, the defendant asks this Court to suppress the evidence because reliability of the child was not established pursuant to *Illinois v. Gates*, 462 U.S. 213 (1983). The defendant misundertands the law on this issue. The information for the affidavit was not provided by a confidential informant who may require corroboration of his reliability. Rather, the search warrant was based on information provided by the victim of the crime who had first hand knowledge of the methods and manner used by the defendant to commit the crime. "There is no need to establish the

---

[1] The defendant relies on state law in his Motion to Suppress. It is well established that the validity of this warrant is determined pursuant to federal law therefore, it is presumed that the defendant made some sort of error.

reliability of information received from the victim of a crime." *United States v. Johnson*, 713 F.2d 654, 660 (11th Cir. 1983). In this case, Schmitz' 14 year old victim provided information that he had been raped and sodomized by Schmitz and that they had used the cellular telephone and computer to have contact.

The defendant also makes a nominal argument concerning staleness of the information. The affidavit establishes that the sexual relationship occurred during "that year". Giving that statement its clear meaning, it occurred during the past six months. Information that is six months is not necessarily stale depending on the particular facts of the case. *See United States v. Bervaldi*, 226 F.3d 1256 (11th Cir. 2000). The defendant has not provided any cases for this Court to rely on that information stored within a computer and a cell phone should be considered stale.

Certainly, the affidavit in this case is brief and pointed. Nonetheless, it provides information given by a victim that he was sodomized and raped. It is not necessary to provide any details of these crimes for the magistrate to determine whether this information was reliable. Because the child is the victim of the crime, his information is presumed to be reliable. Additionally, he provided information that evidence would be found on the defendant's computer and cell phone which would reflect the contact that the defendant had with him. It is common sense that this type of evidence is not easily dissipated or concealed. This is sufficient for the magistrate to authorize the search warrant.

**GOOD FAITH EXCEPTION:**

Even if the Court should determine that the affidavit is support of the search warrant was inadequate, the motion to suppress evidence is still due to be denied. In *United States v. Leon*,

468 U.S. 897 (1984), the Supreme Court stated that the determination of whether the exclusionary rule should be used to suppress evidence must be made "on a case-by-case basis" and that the remedy should only be used in the unusual case in which it is necessary to further the purposes of the exclusionary rule. *Leon*, 468 U.S. at 918. Suppression is not an appropriate remedy where the officers acted in reasonable good faith reliance on a warrant issued by a neutral and detached magistrate which is later determined to be invalid. *Leon*, 468 U.S. at 914. Noting that searches conducted pursuant to a warrant rarely require suppression, the Court outlined four situations in which the good faith exception does not apply and where suppression would be appropriate:

(1) where the issuing judge was misled by information the affiant knew was false or which was made in reckless disregard for the truth;

(2) where the issuing judge abandoned his/her roles as a neutral and detached judicial officer;

(3) where the affidavit in support of the warrant so lacked ay indicia of probable cause as to render belief in its existence entirely unreasonable; and

(4) where the warrant itself is so facially deficient that the executing officers cannot reasonable presume it to be valid.

*Leon*, 468 at 923.

Schmitz contends that the officer who executed the search warrant could not reasonably have relied in objective good faith on the warrant issued by the local judge. The good faith exception to the exclusionary rule applies to this search because the officer's reliance on the probable cause determination by the magistrate was objectively reasonable. The standard for

objective reasonableness is whether a reasonably well trained officer would have known that probable cause did not exist or expressed another way, whether a reasonably well trained officer would have known that the magistrate's determination of probable cause was incorrect and that the search was illegal. *Leon*, 468 U.S. 921-22, n.23. That standard clearly implies a level of certainty concerning the absence of probable cause on the part of the officer that the officer never should have presented the application to the magistrate for determination. It suggests that the absence of probable cause is so clear that the decision to present the warrant application amounted to bad faith. *See Massachusetts v. Sheppard*, 468 U.S. at 988-991.

The defendant has made no allegation that the local magistrate abandoned his role as a neutral judicial officer. There was no indication that the magistrate was unqualified to review the warrant or that the officer either knew or should have known that fact. Thus the officer was entitled to presume that the judge's legal expertise was superior to his own. The officer's reliance on the judge's determination was reasonable under the circumstances. *See Illinois v. Gates*, 463 U.S. at 238-39.

WHEREFORE, the United States requests that this Court deny the defendant's motion to suppress evidence.

Respectfully submitted,

    DEBORAH J. RHODES
UNITED STATES ATTORNEY
by:

    s/Maria E. Murphy
Maria E. Murphy(MURPM8440)
United States Attorney's Office
63 So. Royal Street, Suite 600

Mobile, Alabama 36602 Tel: (251) 441-5845 Fax: (251) 441-5131
E-mail:maria.murphy@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on December 26, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Donald Briskman, counsel for the defendant.

s/Maria E. Murphy

Maria E. Murphy Assistant United States Attorney