IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CRIMINAL ACTION 07-00365-CG-B |
| | ) | |
| CHARLENE SCHMITZ | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the following: defendant Charlene Schmitz's motion for judgment of acquittal or in the alternative, motion for a new trial (Doc. 67) filed February 22, 2008 and defendant's motion for a new trial (Doc. 68) filed February 22, 2008. The Court has carefully considered the arguments in support of the defendant's motions. For the reasons stated herein, defendant's motion for judgment of acquittal is **DENIED**. Also, defendant's motion for new trial is **DENIED.**

**I.    BACKGROUND**

Defendant Schmitz was initially indicted on November 27, 2007. (Doc. 1) A two count superceding indictment followed on January 31, 2008. (Doc. 44) Count One of the Indictment charges the defendant, Charlene Schmitz: "used a facility of interstate commerce, to-wit: a computer connected to the internet, to knowingly attempt to persuade, induce, entice and coerce an individual who has not attained the age of eighteen years, to-wit: "A", to engage in or attempt to engage in sexual activity for which any person can be charged with a criminal offense. In violation of Title 18, United States Code, Section 2422(b). Count Two charges that the

1

defendant used cellular phone service for the same purpose as outlined in Count One.  (Doc.  44)

After a two day trial, the jury deliberated and returned a verdict of guilty as to both Counts One and Two of the superceding indictment.

## II.    DISCUSSION

### A.    Motion for Judgment of Acquittal

Defendant Schmitz moves the Court to enter a judgment of acquittal, pursuant to Rule 29 of the Federal Rules of Criminal Procedure, on the grounds, in sum, that the government's evidence is insufficient to sustain a conviction.  Specifically, defendant argues that the government failed to prove the following: (1) that the defendant enticed, persuaded, induced and/or coerced the alleged victim who is under eighteen (18) years of age to engage in or attempt to engage in sexual activity; (2) that the communications involved on the cellular phones occurred in interstate commerce; (3) that the defendant was the individual actually involved in the instant message and/or cellular communications with the alleged victim.

In analyzing defendant's post-verdict Rule 29 motion the Court must "review the sufficiency of the evidence . . . in the light most favorable to the government" and draw "all reasonable inferences in favor of the jury's verdict. United States v. Gatlin, 2006 WL 2567587, *2 (11th Cir., September 7, 2006) (unreported opinion) citing United States v. Castro, 89 F.3d 1443, 1450 (11th Cir.1996).  "A jury's verdict must be sustained against such a challenge if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Alaboud, 347 F.3d 1293, 1296 (11th Cir. 2003) (internal quotations and citation omitted).  "The evidence may be sufficient even when it does not 'exclude every reasonable hypothesis of innocence or [is not] wholly inconsistent with every conclusion except that of guilt,' because a 'jury is free to choose among reasonable constructions of the evidence.'"

United States v. Peters, 403 F.3d 1263, 1268 (11th Cir. 2005) (citations omitted).  Moreover, the court "accept[s] all reasonable inferences that tend to support the government's case".  United States v. Ward, 197 F.3d 1076, 1079 (11th Cir. 1999).   However, the primary rule is that "the Constitution requires substantial evidence to support any criminal conviction".  U.S. v. Adkinson, 158 F.3d 1147, 1152, n.10 (11th Cir. 1998), citing United States v. Malatesta, 590 F. 2d 1379, 1382 (1979) (en banc).

During the course of the trial the jurors heard testimony from computer experts regarding the dates and times of the computer transmissions and cellular phone calls allegedly made by the defendant to the minor victim.  In addition, both the defendant and the minor victim testified during the trial, as did the defendant's minor daughter, who corroborated, in part, the testimony of her mother.  It is apparent from the jury's verdict, however, that the jurors placed more credence in the testimony of the minor victim.  Construing the evidence in the light most favorable to the government and resolving all inferences in favor of the jury's verdict, the Court finds there was sufficient evidence for a reasonable jury to find that the defendant committed the offenses as charged in the superceding indictment.  Accordingly, defendant's motion for judgment of acquittal is **DENIED.**

      B.      Motion for New Trial

Defendant also moves for a new trial, pursuant to Rule 33 of the Federal Rules of Criminal Procedure on the grounds, in sum, that: (1) there was insufficient evidence as to each count...to support the jury's finding of guilty on each count; (2) the jury's verdict on each count was based on conjecture, speculation and/or surmise and not supported by the evidence; (3) the Government failed to prove sufficient interstate activity through Internet communications and/or cellular communications to sustain the jury verdicts; (4) the trial court erred in admitting the

testimony of Dr. Catalina Arata over objection of defense counsel, and (5) the trial court erred in erred in allowing the testimony of the Government's expert, Gus Dimitrelos, with regards to the Instant Messaging evidence rather than requiring the Government to offer the Instant Messaging evidence through the alleged victim.

Federal Rule of Criminal Procedure 33 provides that a "court may vacate any judgment and grant a new trial if the interest of justice so requires." In determining whether to grant the motion, the Court must carefully weigh the evidence and may assess the credibility of the witnesses.  See  U.S. v. Tarango, 396 F.3d 666, 672 (5th Cir.2005) (citations omitted); U.S. v. Martinez, 763 F.2d 1297, 1312 (11th Cir.1985) (citations omitted).  If, after weighing the evidence and assessing the credibility of witnesses, the Court concludes that, " 'despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred,' "the Court may set aside the verdict and grant a new trial. Martinez, 763 F.2d at 1312 (quoting U.S. v. Lincoln, 630 F.2d 1313, 1319 (8th Cir.1980)).

"[T]here are two grounds upon which a court may grant a motion for new trial: one based on newly discovered evidence, which must be filed within three years of the verdict pursuant to Rule 33(b)(1); and the other based on any other reason, typically the interest of justice, which must be filed within seven days of the verdict, pursuant to Rule 33(b)(2)." United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006).  The Court finds that the defendant's arguments in support of a new trial provide no meritorious bases for the Court to grant a new trial. Accordingly, the motion for new trial is **DENIED**.

### III.    CONCLUSION

For reasons stated above, defendant, Charlene Schmitz's motion for judgment of

acquittal is **DENIED**.  Schmitz's motion for new trial is also **DENIED.**

**DONE** and **ORDERED** this 25th day of February 2008**.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**