# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | CRIMINAL NO. 07-00365-WS |
| **v.** | * | |
| **CHARLENE SCHMITZ** | * | |

## SENTENCING MEMORANDUM OF CHARLENE SCHMITZ

Charlene Schmitz will come before this Court on Monday, June 2, 2008 for sentencing. For the better part of twenty (20) years, Charlene has been a respected teacher in both the Washington County and Mobile County public school systems. She has absolutely no prior criminal history. Charlene has never been accused of any inappropriate conduct with regards to any of her students except for the allegations involved in her conviction in Federal Court and the related allegations involving the same minor child and his mother pending prosecution in Washington County, Alabama. (¶ 28, PSI).

## I. INTRODUCTION

In *United States v. Booker*, 125 S.Ct. 738 (2005), the United States Supreme Court directed all Federal Courts to impose a "reasonable sentence." Under *Booker*, sentencing courts must treat the Guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. 3553(a). The primary directive in that section is to select a sentence which is "sufficient, but not greater than necessary", 18 U.S.C. § 3553(b), to accomplish the various legitimate purposes of the punishment. An appropriate sentence in this case would be the minimum mandatory statutory sentence available based on her convictions.

## II.  CHARLENE SCHMITZ

Charlene is 55 years old having been born in Grove Hill, Alabama.  She has spent the majority of her life in the small community of Leroy, Alabama.  Charlene was reared by older parents who did not tend to her emotional needs.  Her mother abused her and made threats of violence in the homeplace.  Despite a difficult upbringing, Charlene managed to overcome life difficulties including three (3) failed marriages to be a good mother to her eldest daughter, Gina Richardson, and her two younger children, Tanya Thomas, age fourteen (14), and Jared Thomas, age thirteen (13).  Given Charlene's incarceration, Tanya and Jared now reside with their step-father, Michael Schmitz, who is battling cancer and absent the loving care of their mother.  See attachments A, B and C.  Charlene and Michael maintained a loving, caring and attentive household for Tanya and Jared until her arrest for the present offenses.

Charlene overcame the early obstacles in her life and graduated from Leroy High School in 1970.  Realizing later in life the importance of education, Charlene attended the University of South Alabama and obtained her undergraduate degree in Elementary Education at the age of 34.  She then earned her Master's Degree in Elementary Education at the age of 39.  Upon obtaining her undergraduate degree in 1986, Charlene immediately became employed with the Mobile County Public School System until 2000 when she moved "back home" to teach in the Washington County, Alabama School System.  Charlene has taught school for the greater part of 20 years and again, no other child has ever raised any allegation of inappropriate conduct against her during her tenure as a teacher nor anytime in her life.

Attached to this Sentencing Memorandum are letters written to this Court on behalf

of Charlene Schmitz and it is requested that they be taken into consideration by this Court in the imposition of sentence. (Attachments D, part 1 and D, part 2)

### III.  NO GROUNDS FOR UPWARD DEPARTURE

Without considering the objections to the PSI and the Revised PSI,[1] the sentencing range for Charlene is 121 to 151 months based on a Total Offense Level of 32 and a Criminal History Category of I. Regardless of the Guideline range, the statutory minimum sentence applicable for each of the offenses pursuant to 18 U.S.C. 2422(b) is 120 months. Despite the foregoing, the Government seeks an upward departure of the sentence in this case. Under § 5K2.0(a)(1)(B), the sentencing court may depart from the applicable Guidelines range in the case of child crimes and sexual offenses if "there exists an aggravating circumstance, of a kind, or a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. § 3553(a)(2), should result in a sentence different from that described." The Government has failed to prove any "aggravating circumstance" that would warrant upward departure. In fact, the facts and circumstances of this case if true would prove to be the "unusual circumstances" in which would warrant a reduced penalty in this case of a non-violent offense. § 5K2.10, *Victim's Conduct* (Policy Statement). The Sentencing Commission recognizes that the guidelines they establish are for the typical case and the typical defendant convicted of the same crime. Charlene is hardly the typical defendant and this is hardly the typical case from which convictions of the charged crimes

---

[1]Defense counsel adopts and incorporates its previously filed Position of the Defendant Charlene Schmitz with Respect to Sentencing Factors and objections set out therein related to the Base Offense Level being 32 as set out in the Revised PSI.

occur. Accordingly, Charlene should be sentenced within the sentencing guidelines without an upward departure.

Respectfully submitted,

s/ Donald M. BRISKMAN

_____

DONALD M. BRISKMAN (BRISD9863)
CHRIST N. COUMANIS (COUMC1593)
Attorneys for Defendant, Charlene Schmitz

OF COUNSEL:
BRISKMAN & BINION, P.C.
Post Office Box 43
Mobile, Alabama
Phone: 251.433.7600
Fax: 251.433.4485
dbriskman@briskman-binion.com
ccoumanis@briskman-binion.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on May 23, 2008 electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, and request the Court to serve the same electronically on the following counsel:

Maria E. Murphy, Esq.
Assistant U. S. Attorney

s/ Donald M. BRISKMAN

_____