**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Criminal Action No. 07-00365-KD-B |
| | ) | |
| CHARLENE SCHMITZ, | ) | |
|     Defendant. | ) | |

**ORDER**

This matter is before the Court on Defendant's Motion for Clarification (Doc. 124).[1] Defendant requests that this Court "clarify when her Motion to Vacate pursuant to 28 USC §2255 would be due[.]" (Doc. 124 at 1). Defendant's request thus seeks legal advice from the Court -- which is improper. Accordingly, it is **ORDERED** that the Defendant's Motion (Doc. 124) is **DENIED.** The Court directs the Defendant's attention to The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") which was enacted on April 24, 1996 and which added a new subdivision to 28 U.S.C. § 2255 providing for a one year period of limitations within which federal prisoners must file their motions to vacate pursuant to 28 U.S.C. § 2255. Specifically, a petitioner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a federal habeas corpus petition. 28 U.S.C. § 2255(f). See, e.g., Akins v. United States, 204 F.3d 1086, 1089 (11th Cir.), cert. den,, 531 U.S. 971 (2000); U.S. v. Gray, Slip Copy, 2010 WL 2104299, *1 (S.D. Ala. Mar. 19, 2010).

    **DONE** and **ORDERED** this the **27th** day of **August 2010.**

                                                    /s/ Kristi K. DuBose
                                                    **KRISTI K. DUBOSE**
                                                    **UNITED STATES DISTRICT JUDGE**

---

1 The Court notes that Defendant has labeled herself "*pro se*." However, the Court record reveals that Defendant has retained counsel.